UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONNIE A. JOHNSON,           Case No. 20-CV-11554

    Petitioner,           Stephanie Dawkins Davis
         United States District Judge
v.

JEREMY HOWARD,

    Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE
PETITION FOR A WRIT OF HABEAS CORPUS AND
ADMINISTRATIVELY CLOSING THE CASE**

Tonnie A. Johnson, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her convictions for first-degree murder, Mich. Comp. Laws § 750.316; armed robbery, Mich. Comp. Laws § 750.529, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b.

Petitioner has now filed a request to stay the case. Petitioner claims she needs additional time to prepare and file an amended petition because the Coronavirus pandemic has forced the prison where she is incarcerated to restrict hours at its law library, making it impossible for her to research and write a proper

1

habeas petition.  Petitioner requests a stay to enable her to file an amended habeas petition and memorandum of law in support.

The Court construes petitioner's letter as a motion to stay her original habeas petition, which was filed as a protective petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner indicates that she wishes to seek habeas relief on her claims but needs additional time to file a more properly researched petition and brief.  A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court, as petitioner appears to have done.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  This Court construes petitioner's letter as a motion to hold her petition in abeyance due to the Coronavirus restrictions that prevent her from researching and filing her amended petition.

A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See e.g.*, *Hill v. Mitchell*, 30 F.Supp.2d 997, 998 (S.D. Ohio. 1998).  This Court is willing to grant petitioner an extension of time to file an amended habeas petition for petitioner to properly present her claims.  The Court will also grant petitioner an extension of time to file a memorandum of law in support of her claim.  A habeas petitioner is permitted to assert his or her claims in a supporting brief.  *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005).

The Court recognizes the grave health risks of the Coronavirus and its impact specifically on prison operations and the life of the inmates who are incarcerated at these facilities. Because of the uncertainty as to the duration of the Coronavirus pandemic and its effect on prison facilities, the Court will not leave the case open indefinitely but will administratively close the case. This shall not be considered an adjudication of the merits of the petition.

Petitioner shall have ninety days from the date that the lockdown ends in the Michigan Correctional facilities and full prison library privileges are restored, to file her amended habeas petition and her memorandum of law in support of the petition. Petitioner shall file a motion to reopen the petition when she files her amended habeas petition and memorandum of law.

Accordingly, it is **ORDERED** that:

(1) The proceedings are **STAYED** and the Court holds the habeas petition in abeyance. Petitioner is **GRANTED** an extension of time to file an amended habeas petition and memorandum of law in support of the petition. Petitioner shall have **ninety (90) days** from the time that the prison lockdown ends in the State of Michigan to file her amended habeas petition and memorandum of law. Petitioner shall file a motion to reopen the petition under the current case number and using the current caption.

(2) To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-944 (E.D. Mich. 2015).

(3) Upon receipt of a motion to reopen the habeas petition, the Court will order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED**.

Dated: January 25, 2021                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States District Judge